UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS GREEN,

    Petitioner,

v.                              CASE NO. 8:07-CV-90-T-30MAP

JAMES McDONOUGH,

    Respondent.
_____/

**O R D E R**

Petitioner, an inmate in a state penal institution proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("petition") pursuant to 28 U.S.C. § 2254 challenging a 1999 conviction for manslaughter entered by the Sixth Judicial Circuit Court, Pinellas County, Florida (Dkt. 1). On February 20, 2007, Petitioner moved to amend his petition to add new claims (Dkt. 8). After a preliminary review of the petition, the Court determined that the petition was untimely, and denied Petitioner's motion to amend his petition without prejudice to renewal if Petitioner established that he was entitled to tolling of the limitations period (Dkt. 10). Respondent filed a motion to dismiss the petition as time-barred on June 28, 2007 (Dkt. 15). Despite the fact that the Court gave Petitioner two opportunities to file a reply to Respondent's motion to dismiss (See Dkt. 9 at 4; Dkt. 18), and granted Petitioner's motion for an extension of time to file his reply (Dkt. 20), Petitioner failed to file a reply. After a review of the record, the Court determines that the petition is time-barred.

**Background**

On August 31, 1999, Petitioner was convicted of manslaughter (Dkt. 17, Ex. 1, Vol. I at 80). He was sentenced as a habitual felony offender and prison releasee offender to thirty years imprisonment (Id. at 85-89). Petitioner appealed, and the appellate court affirmed Petitioner's conviction and sentence, but struck the habitual offender designation (Dkt. 17, Ex. 4). Petitioner was ultimately resentenced on June 3, 2002. He did not appeal, and therefore his judgment became final on July 3, 2002.

On May 29, 2001, Petitioner filed a motion for post conviction relief pursuant to Fla. R. Crim. P. Rule 3.850 (Dkt. 17, Ex. 13). On November 28, 2001, the state post conviction court denied Petitioner's Rule 3.850 motion (Dkt. 17, Ex. 14). The appellate court, however, reversed in part and remanded the case back to the post conviction court (Dkt. 17, Ex. 16). Petitioner's Rule 3.850 motion was denied on November 6, 2003. Petitioner appealed, and the appellate court per curiam affirmed the denial of his Rule 3.850 motion on December 10, 2004 (Dkt. 17, Ex. 24). The appellate court mandate issued on January 4, 2005 (Dkt. 17, Ex. 25).

On January 13, 2005, after the appellate court's mandate issued, Petitioner filed a motion for rehearing and to recall the mandate (Dkt. 17, Ex. 26). On February 22, 2005, the appellate court denied the motions (Id.).

On July 8, 2005, Petitioner filed a Petition for Writ of Mandamus in the Second District Court of Appeal, case number 2D05-3453, requesting the court to compel the State to provide him with certain documents (Dkt. 17, Ex. 27). On September 20, 2005, the

Second District Court of Appeal denied Petitioner's Petition for Writ of Mandamus (Dkt. 17, Ex. 31). On October 6, 2005, Petitioner filed a motion for rehearing in case number 2D03-5786, which was transferred to case number 2D05-3453, Petitioner's mandamus action (Dkt. 17, Exs. 26, 32). On March 13, 2006, the Second District Court of Appeal denied the motion for rehearing (Dkt. 17, Ex. 32).

On January 25, 2006, Petitioner filed a notice of appeal claiming he was appealing the Second District Court of Appeal's January 4, 2005 order (the date of the court's mandate) (Dkt. 17, Ex. 33). The Second District Court of Appeal dismissed the appeal as untimely (Dkt. 17, Exs. 35-36).

On February 15, 2006, Petitioner filed a state petition for writ of habeas corpus (Dkt. 17, Ex. 40). On March 16, 2006, the Second District Court of Appeal denied the petition (Dkt. 17, Ex. 41).

On September 15, 2006, Petitioner filed a notice to invoke the discretionary jurisdiction of the Florida Supreme Court (Dkt. 17, Exs. 26, 36). On September 28, 2006, the Florida Supreme Court dismissed Petitioner's notice as untimely (Dkt. 17, Ex. 38); *Green v. State*, 946 So. 2d 1069 (Fla.2006).

Petitioner filed his federal habeas petition on January 6, 2007 (Dkt. 1).

## Discussion

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in

custody pursuant to the judgment of a State court. The limitation period shall run from the latest of … the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review…." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's conviction became final on July 3, 2002. Therefore, Petitioner had until July 3, 2003, to commence federal proceedings absent any delay attributable to tolling, i.e., a pending, properly filed application for state post-conviction relief.

Petitioner's Rule 3.850 motion, filed on May 29, 2001, tolled the limitation period, and the limitation period remained tolled until the appellate court affirmed the denial of the Rule 3.850 motion, and issued its mandate on January 4, 2005.  It is unclear whether Petitioner's January 13, 2005 motion for rehearing and to recall the mandate was an application for collateral relief which tolled the limitation period. However, a determination of whether the motion tolled the limitation period is not critical since even if it did toll the limitation period, Petitioner's federal habeas petition is still untimely. Accordingly, the Court is willing to assume, without deciding, that Petitioner's Rule 3.850 motion was pending, and tolled the limitations period, until February 22, 2005, the date the Second District Court of Appeal issued its order denying Petitioner's motion for rehearing and motion to recall the mandate (Dkt. 17, Ex. 26). With that assumption, the limitations period began to run on February 23, 2005.

Petitioner's July 8, 2005 petition for writ of mandamus, in which he sought to compel the State to produce a copy of its answer brief in the Rule 3.850 appeal, did not toll the limitations period because it did not seek review of the judgment of conviction. It is well settled that a motion seeking discovery does not toll AEDPA's limitations period. *See Brown v. Sec'y for the Dep't of Corr.*, 530 F.3d 1335, 1338 (11th Cir. 2008)(citing *Hodge v. Greiner*, 269 F.3d 104, 107 (2d Cir. 2001)("a discovery motion does not toll AEDPA because it 'd[oes] not challenge [the] conviction,' but merely seeks 'material that might be of help in developing such a challenge'")). Nor did Petitioner's January 25, 2006 notice of appeal toll the limitations period because the appellate court dismissed the appeal as untimely (Dkt. 17, Exs. 35-36).

A period of 358 days elapsed which was not tolled before Petitioner filed his state Petition for Writ of Habeas Corpus in which he claimed ineffective assistance of appellate counsel (Dkt. 17, Ex. 40). The Second District Court of Appeal denied the petition on March 16, 2006 (Dkt. 17, Ex. 41). By the time Petitioner filed his September 15, 2006 notice of invoking discretionary jurisdiction in the Florida Supreme Court, 181 more days elapsed, and his AEDPA limitations period had expired. Therefore, the notice to invoke discretionary jurisdiction, even if properly filed, had no tolling effect.[1] Accordingly, Petitioner's federal habeas petition, filed on January 6, 2007, is untimely.

---

[1] The notice to invoke discretionary jurisdiction was not properly filed as the Florida Supreme Court held that it was untimely (Dkt. 17, Ex. 38).

Thus, the petition for federal habeas relief is clearly time-barred under 28 U.S.C. § 2244(d)'s one-year limitation provision unless Petitioner can demonstrate that the one-year limitation period should be equitably tolled. Section 2244 "permits equitable tolling 'when a movant untimely files because of *extraordinary circumstances* that are both *beyond his control* and *unavoidable with diligence*'" (emphasis added). *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). *See also Helton v. Sec. for the Dept. of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction."). Equitable tolling is an extreme remedy and is applied sparingly. *See Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Petitioner bears the burden of showing that equitable tolling is warranted. *Id.*

Petitioner has failed to assert or demonstrate extraordinary circumstances that would support equitable tolling.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** as time-barred.

2. The **Clerk** is directed to terminate all pending motions, and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue -- only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000),) or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on December 18, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies to: Petitioner *pro se*
            Counsel of Record